| | | |
|---|---:|---:|
| He has received at different times, as by him admitted . . . . | $28,286 00 | |
| Work omitted, as shown by Williamson's statement . . . . . | 1037 20 | |
| Work omitted, as shown by Pilié's statement . . . . . . | 738 00 | |
| Due defendants for half of Avegno's partition wall . . . . . | 485 23 | |
| Due defendants for half of Marsoudet's partition wall . . . . | 311 00 | |
| Balance of account due by plaintiff to Bernard . . . . . . | 583 91— | 31,441 34 |

Balance in favor of plaintiff . . . $1818 40

We think that the plaintiff is only entitled to a judgment for the sum of eighteen hundred and eighteen dollars and forty cents, instead of that allowed by the judgment appealed from; that the above liquidation is in strict conformity with the evidence; and that there is no necessity to send the case back for a new trial.

It is, therefore, ordered, that the judgment of the District Court be annulled, and that the plaintiff recover of the defendants, the sum of eighteen hundred and eighteen dollars and forty cents, with legal interest per annum thereon from judicial demand until paid, and the costs of the lower court; those in this court to be borne by the plaintiff and appellee.

---

## SAME CASE—ON A RE-HEARING.

BULLARD, J. We have looked again into the evidence in this case, upon the re-hearing, and are still of opinion that the plaintiff has failed to prove that he did extra work to the amount claimed by him. Reynolds, whose statement is in the record, says his information was derived from the plaintiff himself. The testimony of Williamson, and especially of Pilié, who, by agree-

ment, was to act as expert, in case of difference between the parties, appears to us to sustain the judgment first rendered.

It is, therefore, ordered that it remain undisturbed.

---

### HENRY T. IRISH *v.* JOHN T. WRIGHT, and others.

Where the master of a steamer, for the fraudulent purpose of aiding a debtor in removing his property into a foreign country beyond the reach of, a creditor, conceals from the latter the fact of his having entered into an arrangement with the debtor for its removal, and, with a full knowledge of the rights of the creditor, transports the property out of the United States, thereby preventing the creditor from levying an attachment and saving his debt, he will be liable to the creditor for the amount of the debt, where it does not exceed the value of the property so removed.

An attachment may be obtained though the debt be not due, provided the plaintiff make oath to the existence of the debt, and comply with the other requisites of the sixth section of the Stat. of 7 April, 1826. C. P. 240, 242, 243.

After property attached has been bonded, and the case is at issue on the merits, it is too late to object to the attachment as irregular, in consequence of the suit being for damages.

Civil process may be served on the the twenty-fifth of December. That day is not mentioned in art. 207 of the Code of Practice, among those on which no such process can be served.

Statements made by a juror of the reasons for his concurrence with the other jurors which are inconsistent with his oath as a juror, furnish no ground for a new trial.

APPEAL from the Parish Court of New Orleans, *Maurian*, J.

*Peyton*, *I. W. Smith* and *Grymes*, for the plaintiff.

*T. Slidell*, for the appellant.

I. The defendant being entitled to avail himself of all irregularities in the attachment suit against Alsbury, contends, that the attachment in that case was void by reason of the insufficiency of the affidavit. The plaintiff's agent swore only that defendant was justly and really indebted to plaintiff, and did not swear that the debt was *due.* There are two cases in which an attachment may issue, to wit ; when the debt is due, and by the statute of April 7th, 1826, when it is not due. Where the debt is not due, a special statement of circumstances or grounds is required. Either the fact that the debt is due, or the special circumstances justifying the remedy before maturity, should appear on the face of the